UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 95 CR 730-10 |
| ) | |
| v. ) | |
| ) | |
| THOMAS DEMETRIUS LAMBERT ) | |

### **ORDER**

Defendant Thomas Demetrius Lambert has filed a Petition for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c) based on an amendment to the Sentencing Guidelines which lowered the offense levels applicable to many narcotics offenses. Lambert was indicted on December 13, 1995 and charged with three crimes: Conspiracy to Distribute Cocaine; Conspiracy to Defraud the United States; and Laundering of Monetary Instruments. The jury convicted Lambert on all three charges.

For sentencing purposes, the Court determined that the drug enterprise involved the distribution of more than 2,000 kilograms of cocaine and that the amount foreseeable by Lambert was in excess of 150 kilograms. The drug enterprise saw in excess of 20 participants during its lifetime which extended for a period of about ten years. That the drug enterprise was profoundly successful, if measured by the spoils

it produced, is not open to doubt. The assets purchased or attempted to be purchased by the leadership of the enterprise included an eight-passenger jet airplane, various parcels of real estate, a motor home, yacht, a bus company, various cars, a race car, a ranch in Texas, a record company, millions of dollars in accessible cash, and the rights to a movie named "Reasons" financed by the enterprise.

Not surprisingly, an organization of this nature comes with a certain level of violence among individuals participating in or connected with the group in some way or other. A number of individuals died as a consequence — many were murdered. Although Lambert was alleged to have murdered Cleophus Rogers by the Government for Sentencing Guideline purposes, the Court found the evidence insufficient to conclude that he did. Nevertheless, Lambert was a high ranking member of an organization which engaged in violence when it was deemed necessary.

Demetrius Lambert held a ranking position with the drug enterprise for about four and one-half years. At the time sentence was imposed, it was determined that Lambert was responsible for in excess of 150 kilograms of cocaine. His base offense level was 38, plus a 2 level increase for possession of a dangerous weapon, producing a total offense level of 40. The guideline range was 324 to 405 months, and the period of incarceration imposed was 360 months.

By virtue of Lambert's motion for reduction of sentence based on guideline amendments, it becomes necessary to calculate the quantity of drugs reasonably

foreseeable to Lambert with greater precision. The Government has argued that the drug level of 38 still applies to Lambert because the amount of cocaine fairly attributable to him easily exceeds 450 kilograms. As a result, it is asserted, Guideline Amendment 782 provides no basis for any modification of Lambert's sentence.

There is a substantial basis in the record, established both at trial and in its entirety, that supports the fact determination that Lambert was, indeed, accountable for cocaine in excess of 450 kilograms. This conclusion is based on specific items of evidence and reasonable inferences to be drawn therefrom. As a result, a reduction of sentence is not warranted. In addition, when considering the factors set forth in Section 3553(a) even at this stage of the proceedings, the seriousness and breadth of offenses Lambert stands convicted of, even when measured against all of the sentencing factors, militate against any sentence reduction. For this reason, the Court's discretion is exercised in support of the sentence originally imposed.

The Defendant Thomas Demetrius Lambert's Petition for Modification of Sentence is denied.

_____
Charles P. Kocoras
United States District Judge

Dated: June 25, 2015